**Exhibit A**

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| ESTATE OF EDWARD L. HIMMELWRIGHT, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>BOBBIE JO BRUNGARD, LYCOMING-CLINTON MENTAL HEALTH-INTELLECTUAL DISABILITY PROGRAM, DR. JAMES SWEETLAND, UPMC LOCK HAVEN, TROOPER BENJAMIN J. CAMPANA, And the PENNSYLVANIA STATE POLICE<br><br>Defendants | No. 808-2021 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claims or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Court Administrator
Court of Common Pleas of Clinton County
230 E. Water Street
Lock Haven, PA 17745
Telephone: 570-893-4016

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| ESTATE OF EDWARD L. HIMMELWRIGHT, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>BOBBIE JO BRUNGARD, LYCOMING-CLINTON MENTAL HEALTH-INTELLECTUAL DISABILITY PROGRAM, DR. JAMES SWEETLAND, UPMC LOCK HAVEN, TROOPER BENJAMIN J. CAMPANA, And the PENNSYLVANIA STATE POLICE<br><br>Defendants | No. 808-2021 |

## COMPLAINT

1. The Decedent Edward L. Himmelwright was an adult individual formerly residing at 1166 Fishing Creek Road, Mill Hall, Clinton County, PA 17751. Decedent passed away on October 12, 2020.

2. Anna M. Douty is the daughter of the Decedent and has received letters testamentary from the Register of Wills of Clinton County as Executrix of his estate.

3. Defendant Bobbie Ho Brungard is an adult individual believed to be employed by the Lycoming-Clinton Mental Heath-Intellectual Disability Program.

4. Defendant Lycoming-Clinton Mental Health- Intellectual Disability Program is believed to have offices at 8 North Grove Street, Suite A, Lock Haven, Clinton County, PA.

5. Defendant James Sweetland is believed to be a licensed medical doctor practicing at UPMC Lock Haven.

6. Defendant UPMC Lock Haven is a medical facility located at 24 Cree Drive, Lock Haven, Clinton County, PA.

7. Defendant Trooper Benjamin J. Campana is an employee of the Pennsylvania State Police.

8. Defendant the Pennsylvania State Police are Pennsylvania's state law enforcement agency. It is believed that their Troop F Mill Hall Station was involved in this incident. That address is 113 Boyd Road, Mill Hall, Clinton County, PA 17751.

9. On July 10, 2019, the Decedent was experiencing a mental health episode.

10. On that date, Defendant Brungard, while acting in her employment with Lycoming-Clinton Mental Health- Intellectual Disability Program did initiate an involuntary mental health commitment under section 302 of the Mental Health Procedures Act. Specifically, it is believed that Defendant Brungard prepared the petition, signed the warrant authorization, signed the notification of rights and signed the affirmation regarding protection of patient's interest.

11. Pursuant to 50 P.S. 7302:

> Upon arrival at the facility, the person shall be informed of the reasons for emergency examination and of his right to communicate immediately with others. He shall be given reasonable use of the telephone. He shall be requested to furnish the names of parties whom he may want notified of his custody and kept informed of his status. The county administrator or the director of the facility shall:
> (1) give notice to such parties of the whereabouts and status of the person, how and when he may be contacted and visited, and how they may obtain information concerning him while he is in inpatient treatment; and
> (2) take reasonable steps to assure that while the person is detained, the health and safety needs of any of his dependents are met, and that his personal property and the premises he occupies are secure.

50 Pa. Stat. Ann. § 7302 (West)

12. Under Pennsylvania law two forms must be given to an individual subject to involuntary examination and treatment:

> (e) Upon arrival at a facility previously designated as a provider of emergency examinations. Form MH-783 shall be completed and Form MH-783-B shall be given to the person subject to the examination. The person shall be informed of his right to counsel and be advised that if he cannot afford counsel, counsel can be provided.

55 Pa. Code § 5100.86.

> (g) If the person is determined to be severely mentally disabled and in need of immediate treatment:
> (1) The examining physician shall make certain that the person has received a copy of forms MH-782, Bill of Rights, and MH-783-A, Explanation of Rights Under Involuntary Emergency Commitment.

55 Pa. Code § 5100.86

13. Neither the 302 petition nor the hospital records show that these notifications of rights were ever provided to the Decedent. The 302 form only represents that Defendant Brungard explained the Decendent's rights to him.

14. Based on the warrant issued by Defendant Brungard, the Decedent was taken into custody and transported to UPMC Lock Haven, where he was examined by Dr. James Sweetland.

15. Pursuant to 50 P.S. 7302(b) an individual detained for mental health treatment must be examined within two hours of arrival.

16. Per hospital records, Decedent arrived at UPMC Lock Haven at 2:06 PM on July 10, 2019. However, the 302 forms state that Decedent arrived at 3:01 PM. As the Decedent

was brought in on a mental health warrant, he should have been examined no later than 4:06 PM.

17. The time of examination as stated on the 302 form is illegible. It could be 1915 hours, which would be 7:15 PM. The medical records are silent as to when the 302 examination was performed. There is a report electronically signed by Defendant Sweetland at 8:21 PM.

18. Per the 302 paperwork, upon examination, Dr. Sweetland found that Decedent was "severely mentally disabled and in need of treatment. He should be admitted to a facility designated by the County Administrator for a period of treatment not to exceed 120 hours."

19. Decedent was never committed to a mental health facility. He remained in regular hospital care and was transferred to Hershey Medical Center for further medical treatment.

20. Pursuant to 50 P.S. 7302(b), "If it is determined that the person is severely mentally disabled and in need of emergency treatment, treatment shall be begun immediately." 50 Pa. Stat. Ann. § 7302 (West). Defendants Sweetland and UPMC Lock Haven did not provide for that treatment.

21. Pursuant to 18 Pa. C.S.A. 6105(a)(2)(i), an individual who has been <u>involuntarily committed</u> to a mental institution under section 302 of the mental health procedures

pursuant to 18 Pa. C.S.A. 6105(c)(4) shall have up to 60 days in which to sell or transfer firearms.

22. However, rather than allow Decedent to address the firearms situation, Defendant Brungard and/or other employees of the Lycoming-Clinton Mental Health did contact the Pennsylvania State Police.

23. On or about July 11, 2019, Defendant Campana while acting as a Trooper for the Pennsylvania State Police did obtain a warrant for Decedent's residence. The Trooper did seize firearms from Decedent's residence. It was not unlawful for Decedent to possess these firearms at that time. Decedent was not charged with any crimes.

    I.    Trespass to Chattel- Under Pennsylvania Law

24. All of the foregoing paragraphs are incorporated herein by reference

25. Trooper Campana while acting as a State Trooper did enter Decedent's residence without good legal cause to do so. He did do damage to Decedent's property in the course of doing so.

26. Trooper Campana and the Pennsylvania State Police are legally responsible for that

damage.

WHEREFORE, Defendants should be ordered to reimburse Plaintiff for the fair value of the damaged property.

## II. FALSE RESTRAINT/FALSE IMPRISONMENT

27. All of the foregoing paragraphs are incorporated herein by reference.
28. Defendants Sweetland and UPMC Lock Haven were legally authorized to detain Decedent for no more than two hours under the Mental Health Procedures Act.
29. Defendant arrived at 2:06 PM. It is unclear when the 302 evaluation was performed, but it appears that Decedent was detained well past 4:06 PM.
30. By detaining Decedent past the two hour time limit, these Defendants did detain him unlawfully.
31. Plaintiff is therefore entitled to compensation for Decedent's unlawful detention.

WHEREFORE, Defendants should be ordered to reimburse Plaintiff just compensation for his false imprisonment.

## III. VIOLATIONS OF 42 U.S.C. 1983

### A. Defendants Brungard and Lycoming-Clinton Mental Health- Intellectual Disability Program

32. All of the foregoing paragraphs are incorporated herein by reference.

33. Acting under color of law and pursuant to official policy or custom Defendant Brungard through her position with Lycoming-Clinton Mental Health- Intellectual Disability Program knowingly, recklessly, or with gross negligence:

(a) unlawfully and maliciously failed to advise Decedent of his rights under the mental health procedures act.

(b) incorrectly informed the Pennsylvania State Police that Decedent had been committed to a mental health facility, thereby resulting in an unlawful search for and seizure of Decedent's firearms and damage to Decedent's personal property.

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

34. Defendant Brungard was a state actor at all relevant times herein.

35. It is believed and therefore averred that the Lycoming-Clinton Mental Health- Intellectual Disability Program did have knowledge of, did support and did consent to Defendant

Brungard's actions.

36. It is further averred that Lycoming-Clinton Mental Health- Intellectual Disability Program failed to ensure that Defendant Brungard was properly supervised or trained.

37. Both Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

38. The failure to properly supervise or train Defendant Brungard demonstrates deliberate indifference on the part of Lycoming-Clinton Mental Health- Intellectual Disability Program.

### B. Defendants Campana and the Pennsylvania State Police

39. All of the foregoing paragraphs are incorporated herein by reference.

40. Acting under color of law and pursuant to official policy or custom Defendant Campana through his position with the Pennsylvania State Police knowingly, recklessly, or with gross negligence:

(a) unlawfully and maliciously obtained a search warrant for Decedent's residence. In doing so, Defendant Campana unlawfully seized Decedent's firearms and did do damage to Decedent's property.

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Decedent by

the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

(c) otherwise depriving Decedent of his constitutional and statutory rights, privileges, and immunities.

41. Defendant Campana was a state actor at all relevant times herein.

42. It is believed and therefore averred that the Pennsylvania State Police did have knowledge of, did support and did consent to Defendant Campana's actions.

43. It is further averred that the Pennsylvania State police failed to ensure that Defendant Campana was properly supervised or trained.

44. Both Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

45. The failure to properly supervise or train Defendant Campana demonstrates deliberate indifference on the part of the Pennsylvania State Police.

### C. Defendants Sweetland and UPMC Lock Haven

46. All of the foregoing paragraphs are incorporated herein by reference.

47. Acting under color of law and pursuant to official policy or custom Defendant Sweetland through his position with UPMC Lock Have knowingly, recklessly, or with gross negligence:

(a) unlawfully and maliciously failed to timely examine Decedent, which resulted in his unlawful detention.

(b) Unlawfully and maliciously failing to inform Decedent of his rights.

(c) Failing to provide the legally required treatment under 50 P.S. 7302(b).

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Decedent by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

(d) otherwise depriving Decedent of his constitutional and statutory rights, privileges, and immunities.

48. Defendant Sweetland was a state actor as he had specifically been given authority by the state by statute to detain and examine Decedent.

49. It is believed and therefore averred that UPMC Lock Haven had knowledge of, did support and did consent to Defendant Sweetland's actions.

50. It is further averred that UPMC Lock Haven failed to ensure that Defendant Sweetland was properly supervised or trained.

51. Both Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

52. The failure to properly supervise or train Defendant Sweetland demonstrates deliberate indifference on the part of UPMC Lock Haven.

WHEREFORE, Plaintiff demands judgment against the Defendants for actual, general, special, compensatory damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully submitted,

By: _____
Eric Winter, Esquire
Attorney I.D. #84200
646 Lenape Road
Bechtelsville, PA 19505

## VERIFICATION

I hereby verify that the facts set forth herein are true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Anna M. Douty

Dated: 9/22/21