# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF EDWARD L. HIMMELWRIGHT, | No. 4:21-CV-01731 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BENJAMIN J. CAMPANA, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### APRIL 11, 2024

## I.   BACKGROUND

Shortly after the Court granted in part and denied in part Defendant Benjamin J. Campana's motion for summary judgment on November 14, 2023,[1] Attorney Eric E. Winter requested to withdraw from representing Plaintiff, the Estate of Edward L. Himmelwright ("the Estate").[2] The Court approved Mr. Winter's withdrawal on December 19, 2023 and provided the Estate sixty days to retain other counsel.[3] Sixty days passed with no response from Plaintiff, and the Court ordered the Estate to show cause by April 4, 2024 why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure

---

[1] *See* Doc. 66 (Ord. Granting in Part and Denying in Part Motion for Summary Judgment).
[2] *See* Doc. 70 (Motion to Withdraw as Attorney).
[3] *See* Doc. 71 (Ord. Granting Withdrawal).

41(b).[4] Again, the Estate has failed to respond; accordingly, the Court shall dismiss this case for failure to prosecute.

## II. DISCUSSION

Rule 41(b) "authorizes district courts to involuntarily dismiss an action, with prejudice, 'where a plaintiff fails to prosecute or to comply with these rules or a court order ….'"[5] "Dismissals for failure to prosecute are 'drastic' and 'extreme' sanctions and 'should be reserved' for cases where there has been 'flagrant bad faith' on the part of the plaintiffs."[6] In reaching a decision, the Court is required to consider six factors identified by the United States Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire Ins. & Cas. Co.*: "(1) the extent of the party's personal responsibility; (2) the prejudice to the [adversary]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claims or defense."[7] No "single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need to be satisfied in order to dismiss" a case.[8]

---

[4] *See* Doc. 74 (Show Cause Ord.).
[5] *Beale v. Experian Info. Sols., Inc.*, Civ. A. No. 22-4810, 2023 U.S. Dist. LEXIS 229382, at *2 (E.D. Pa. Dec. 27, 2023) (quoting FED. R. CIV. P. 41(b)).
[6] *Barger v. Walton*, 260 F. App'x 476, 477 (3d Cir. 2008) (quoting *Poulis v. State Farm Fire Ins. & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).
[7] *Id.*
[8] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) and *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### A. Plaintiff's Personal Responsibility

Since the Estate is now a *pro se* plaintiff, it alone is responsible for its failure to comply with this Court's Orders.[9] This factor therefore weighs in favor of dismissal.

### B. Prejudice to the Defendant

Due to the Estate's failure to engage, Defendant faces prejudice as he effectively cannot obtain relief at this stage without the Estate's participation. Again, this factor weighs in favor of dismissal.

### C. History of Dilatoriness

When represented by counsel, Plaintiff promptly responded to Defendant's motions and the Court's Orders. After the Estate began to represent itself, it has failed to respond to two Orders from the Court. Although two years of active engagement would ordinarily weigh in Plaintiff's favor, the intervening loss of counsel and subsequent dilatoriness substantially undermines the persuasiveness of this prior effort. Consequently, this factor also tilts in favor of dismissal.

### D. Willfulness and Bad Faith Conduct

The "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith."[10] As the Estate has failed to respond, no excuse is before

---

[9] *See Briscoe*, 538 F.3d at 258.
[10] *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (citing *Ware*, 322 F.3d at 224).

3

the Court. Accordingly, this behavior displays willfulness, and this factor similarly supports dismissal.

### E. Effectiveness of Other Sanctions

As noted above, Plaintiff has failed to respond to two Orders from the Court. In doing so, the Estate has "deprived this Court of the ability to fashion, even if appropriate, a less severe and more moderate sanction that might ensure future compliance."[11] "In the absence of any mitigating circumstances or justification for [its] lack of participation in this matter," the Estate's "conduct makes it clear that any other less severe sanction would be ineffective."[12]

### F. The Meritoriousness of Plaintiff's Claim

As previously addressed by the Court when resolving the Defendant's Motion for Summary Judgment, issues of material fact exist as to whether exigent circumstances authorized Campana's search and seizure of the residence at the time of entry.[13] Accordingly, this factor weighs against dismissal.

---

[11] *Beale*, 2023 U.S. Dist. LEXIS 229382, at *6.
[12] *Id.*
[13] *See* Doc. 65 (Mem. Op. Resolving Motion for Summary Judgment) at 8.

## III. CONCLUSION

After carefully weighing the six *Poulis* factors, the Court concludes that five of the factors point in favor of dismissing this case with prejudice. Dismissal is therefore warranted. In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 41(b), this case is **DISMISSED WITH PREJUDICE** for failure to prosecute; and

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge