IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF EDWARD L. HIMMELWRIGHT, | No. 4:21-CV-01731 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BENJAMIN J. CAMPANA, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

JUNE 14, 2024

## I. BACKGROUND

On April 11, 2024, the Court dismissed this case with prejudice for failure to prosecute.[1] The Estate of Edward L. Himmelwright, Plaintiff, then filed a Motion for Reconsideration or Relief under Federal Rule of Civil Procedure 60(b) on April 26, 2024. That motion is now ripe for disposition; for the reasons that follow, it is granted.

## II. DISCUSSION

### A. Motion for Reconsideration Standard

"A motion for reconsideration may be used 'to correct manifest errors of law or fact or present newly discovered evidence.'"[2] A judgment may be amended or

---

[1] Doc. 75 (Mem. Op. and Ord. Dismissing Case).
[2] *Black v. Pa. Bd. of Prob. & Parole*, 717 F. App'x 103, 105 (3d Cir. 2017) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

altered if one of the following is shown: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when" the court acted; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[3]

## B. Analysis

Federal Rule of Civil Procedure 41(b) "authorizes district courts to involuntarily dismiss an action, with prejudice, 'where a plaintiff fails to prosecute or to comply with these rules or a court order ….'"[4] When evaluating a dismissal under Rule 41(b), the Court is to consider the six *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the [adversary]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claims or defense."[5] No "single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need to be satisfied in order to dismiss" a case.[6]

When I initially performed this analysis, dismissal was warranted. As the Court is not clairvoyant, Plaintiff had seemingly abandoned this case. The Estate

---

[3] *Max's Seafood Café*, 176 F.3d at 677.
[4] *Beale v. Experian Info. Sols., Inc.*, Civ. Action No. 22-4810, 2023 U.S. Dist. LEXIS 229382, 2023 WL 8936342, at *2 (E.D. Pa. Dec. 27, 2023) (quoting FED. R. CIV. P. 41(b)).
[5] *Barger v. Walton*, 260 F. App'x 476, 477 (3d Cir. 2008) (quoting *Poulis v. State Farm Fire Ins. & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).
[6] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) and *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

did not acknowledge the Court's December 19, 2023 Order and failed to respond to the March 5, 2024 Order to Show Cause. Because Attorney Joel Ready inexplicably failed to enter his appearance in this case, the Court had no knowledge that Plaintiff had retained other counsel and had actively been negotiating a settlement. It is on this basis that the Estate has moved for reconsideration.

### 1. Personal Responsibility

While the Estate may face sanctions "because of [its] counsel's unexcused conduct,"[7] the United States Court of Appeals for the Third Circuit "increasingly [has] emphasized [that imposing] sanction[s] on the delinquent lawyer, rather than on a client who is not actually at fault" is the preferable option.[8] Based on the facts now before the Court, Plaintiff does not bear personal responsibility. Brian Douty, the Administrator of the Estate, indicated that "the firm was aware" of the deadlines.[9] This factor therefore tilts against dismissal.

### 2. Prejudice to the Adversary

"Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly

---

[7] *Link v. Wabash R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).
[8] *Carter v. Albert Einstein Medical Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986).
[9] Doc. 78 (Douty Letter) at 2.


irremediable burdens or costs imposed on the opposing party."[10] "It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'"[11] Defendant Benjamin Campana had been actively negotiating a settlement with Plaintiff for much of the relevant period. Since nothing prevents Defendant from now effectively preparing a "full and complete trial strategy[,]" prejudice has not been shown.

### 3. History of Dilatoriness

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'"[12] Here, the Estate actively litigated this case for approximately two years. Plaintiff then had a one month bout of inactivity. After retaining new counsel, the Estate resumed actively prosecuting the case, unbeknownst to the Court. Under these circumstances, this factor weighs against dismissal.

### 4. Willful or Bad Faith Conduct

Even under the facts now before the Court, the Estate acted willfully. As the Third Circuit has stated, "[a]bsence of reasonable excuses may suggest that the

---

[10] *Hynes v. Derry Twp. Sch. Dist.*, No. 1:21-cv-01736, 2024 U.S. Dist. LEXIS 45597, 2024 WL 1118975, at *9 (M.D. Pa. Mar. 14, 2024) (Kane, J.) (quoting *Briscoe*, 538 F.3d at 259).
[11] *Id.*
[12] *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 135 (3d Cir. 2019) (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)).

conduct was willful or in bad faith."[13] Plaintiff has not offered a reasonable excuse for his counsel's failures. Consequently, this factor supports dismissal.

### 5. Alternative Sanctions

I conclude that the Estate's current engagement demonstrate that alternative sanctions would now be feasible. As such, this factor points against dismissal.

### 6. Meritoriousness of the Claim

As the Court has previously stated, there are factual issues remaining that must be resolved by a jury. Again, this factor does not support dismissal.

### C. Dismissal Is No Longer Warranted

Having thoroughly reviewed the six *Poulis* factors under the relevant circumstances, I conclude that dismissal is no longer warranted. In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Reconsideration (Doc. 76) is **GRANTED**;
2. The Clerk of Court is directed to **REOPEN** this case; and
3. A telephonic status conference will be scheduled by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13] *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (citing *Ware*, 322 F.3d at 224).

5